UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE A. GUEVARA,

                Plaintiff,

-against-

CORRECTIONS OFFICERS JHON DOE #1, #2, #3; THE CITY OF NEW YORK,

                Defendants.

21-CV-9760 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently detained in the North Infirmary Command on Rikers Island, is proceeding *pro se* and *in forma pauperis* (IFP). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated December 6, 2021, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on February 22, 2022, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND AND DISCUSSION

Plaintiff's original pleading named correction officers as "Doe" defendants, and the City of New York, and set forth the following facts. On October 1, 2021, Plaintiff was transported by bus from Downstate Correctional Facility to Rikers Island. Once at Rikers, Plaintiff discovered that his property bag, which held law books, legal research, and "Christian" and "spiritual"

books, was missing. (ECF 2 ¶ V.) Correction officers assured Plaintiff that his possessions would be returned to him, but they never were. Plaintiff made a demand for money damages. (*Id.* ¶ VI.)

By order dated December 6, 2021, the Court construed Plaintiff's claims as alleging violations of his rights to access the courts and to practice his religion, and directed him to amend his complaint to provide facts in support of those claims. Specifically, the order explained that: (1) Plaintiff's generalized allegations did not suggest that Defendants' conduct prevented him from litigating a meritorious claim or resulted in any actual injury to a meritorious legal claim, or that the loss of the unspecified religious materials prevented him from exercising his religion or significantly infringed on his right to do so; (2) that Plaintiff could seek reimbursement for the loss of property in an Article 78 proceeding in state court; and (3) and there were no allegations supporting a municipal liability claim against the City of New York. (ECF 5.)

In his amended complaint, Plaintiff names the same defendants, and he makes essentially the same allegations as those raised in the original complaint. Plaintiff alleges that, although it is city policy that his property should have been transported with him from Downstate to Rikers, that did not happen in this case. Plaintiff further asserts that he "uses" the missing religious book "to practice his faith." (ECF 6 at 6.) Although Plaintiff provides more detail about the events giving rise to this action, he does not show that his constitutional rights were violated. Plaintiff also raises for the first time claims about the poor living conditions at Rikers, but he fails to provide sufficient facts suggesting that his constitutional rights were violated in connection with those conditions. The amended complaint is therefore dismissed for the reasons set forth in the Court's December 6, 2021 order.

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 18, 2022
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge